## CIRCUIT COURT OF FAIRFAX COUNTY

Frantz's Automotive
Services, Inc.

v.

Robert Ted Crabtree
and Mastercraft, Inc.

October 31, 1990

Case No. (Chancery) 117521

By JUDGE THOMAS S. KENNY

This case is before the court pursuant to defendant Mastercraft, Inc.'s motion for the award of attorney's fees and expenses under Va. Code Ann. § 8.01-271.1 (1990 Supp.).

The issue to be decided is whether the plaintiff complied with the "reasonable inquiry" requirement of Section 8.01-271.1 and is therefore not liable for costs and fees incurred as a result of suing the wrong party defendant. A brief history of this case is essential.

In January of 1990, the plaintiff's attorney in this case, Mr. Reese, was approached by his client who suggested that a non-competition agreement entered into in 1987 was being breached to the client's detriment. Mr. Reese was familiar with the underlying contract, having witnessed its execution, and agreed to initiate suit pending further verification of the defendants to be named. The client later returned to Mr. Reese and explained that Robert Crabtree, who was allegedly in violation of the anti-competition agreement, was operating a business known

as Mastercraft and was soliciting business from Fairfax County under that name. Mr. Reese's client advised him that the sign on Crabtree's shop said "Mastercraft"; that Crabtree admitted operating "Mastercraft"; and that Fairfax County personnel had confirmed that they were having work done by "Mastercraft." Mr. Reese subsequently phoned the State Corporation Commission ("SCC") to obtain information on the registered agent for Mastercraft but did not inquire as to who the officers and/or directors were for that corporation. The underlying action was commenced on August 16, 1990, naming Robert Ted Crabtree and Mastercraft, Inc., as defendants.

It turned out that Mr. Crabtree's company was actually Mastercraft Autobody, Inc., not Mastercraft, Inc.; that Mastercraft, Inc., is engaged in an unrelated business in Fredericksburg and has no connection whatever with Mastercraft Autobody, Inc.; and that none of the officers or directors of the two companies overlapped. It further appears that counsel for Mastercraft, Inc., immediately advised Mr. Reese's office that his client had no knowledge of and was not involved in the transaction but that Mr. Reese delayed so long in responding that Mastercraft, Inc., was compelled to prepare and file an answer in order to avoid a default. Mastercraft now asks for monetary sanctions in an amount equal to its attorney fees incurred with respect to the answer.

In determining whether sanctions are appropriate in a given case, the court is restricted to considering only those facts that relate to the conduct of counsel *prior* to the filing of the pleading or motion at issue.[1] Thus, no matter how egregious the conduct of an attorney may be subsequent to filing, it cannot be a factor in the decision to impose sanctions.

The Virginia Supreme Court has not yet had an opportunity to consider what constitutes "reasonable inquiry." However, a wealth of commentary exists which explains

---

[1] In Beverly Gravel, Inc. v. DiDomenico, 908 F.2d 223 (7th Cir. 1990), the Court held that counsel is not obliged to amend a complaint as new evidence surfaces. "The particular facts . . . unearthed during discovery are irrelevant to the reasonableness of [the] filing [of] the complaint." Id. at 226.

Federal Rule of Civil Procedure 11, the language of which has been substantially incorporated into § 8.01-271.1.

The most recent case to focus on the duty to investigate is *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223 (7th Cir. 1990). There the court considered five factors which bear on the imposition of sanctions, including:

> [1] [w]hether the signer of the documents had sufficient time for investigation;
> [2] the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper;
> [3] whether the case was accepted from another attorney;
> [4] the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and
> [5] whether discovery would have been beneficial to the development of the underlying facts.

*Id.* at 225.

Only one of the aforementioned factors bears on this particular case, that being the extent to which counsel was entitled to rely on his client for information concerning the identity of the proper parties in this case. Attorney reliance on client information is discussed in Schwarzer, *Sanctions Under The New Federal Rule 11*, 104 F.R.D. 181, 187 (1985):

> The duty of inquiry therefore should be regarded as nondelegable but capable of being satisfied by the attorney's acquisition of the product of inquiry conducted by others. Thus if the client furnishes facts to the attorney which he can reasonably believe, there should be no need for further inquiry to satisfy the rule.

The facts indicate that Mr. Reese's client adequately investigated the propriety of suing the defendant "Mastercraft." It is not disputed that the client personally spoke with Mr. Crabtree, who admitted to being a shareholder

in "Mastercraft," and the County verified that it was doing business with Mastercraft. It is unfortunate that the proper defendant was actually Mastercraft Autobody, Inc., rather than Mastercraft, Inc., but this is not an actionable error.

Counsel for the defendant Mastercraft, Inc., has argued that a call to the SCC to discover who the officers and directors of Mastercraft were was a necessary component of any reasonable pre-filing inquiry. While that may have been helpful, it was not a mandatory duty. Even if Mr. Reese had requested that information, it is conceivable that he could have proceeded with suit without Mr. Crabtree being named as a director or officer. In other words, officer/director information is not necessarily dispositive of proper parties, since one may be acting as no more than a shareholder -- information which is not obtainable from the SCC.

For these reasons, the motion for fees and costs to the defendant is denied.